Pearson, J.
 

 This was an action on the case for slander. The words charged in the declaration, were that the de« fendant, in speaking of the plaintiff on a certain occasion, said, if they did not mind, “he would make the tray of biscuit roar before Saturday night,” intending thereby to impute to the plaintiff the crime of having stolen biscuit.
 

 On the trial, a witness was called, who testified that on a certain occasion, the defendant and the plaintiff’s father were quarrelling about the running of a fence, and
 
 *354
 
 that, afterwards, as the plaintiff passed near where the defendant, the witness and one or two other persons were standing, the defendant said, that if they did not mind, he would malte the tray of biscuit roar before Saturday night. The counsel for the plaintiff then proposed to aslt the witness, if he did not understand the defendant to allude to the plaintiff and to intend to impute to her the charge of stealing biscuit, a report to that effect having been circulated in the neighborhood. The defendant’s counsel objected to the question, so far as it related to the identifying the plaintiff, as the person intended to be charged, and to that extent the Court ruled it to be improper. The counsel for the plaintiff then asked the witness, whether he had not told the defendant, that he understood him to allude to the plaintiff and charge her with stealing biscuit, to which he answered, that he did. There was other evidence in the case, which it is unnecessary to state.— The defendant had a verdict and the plaintiff moved for a new trial, because of the rejection of the testimony in relation to the understanding of the witness, as to the plaintiff being the person intended to be charged by the defendant. The motion was overruled and a judgment given from which an appeal was taken
 

 When a charge is made by using a cant phrase or words having a local meaning or a nickname, or when advan. tage is taken of a fact, known to the persons spoken to, in order to convey a meaning, which they understood by connecting the words (of themselves unmeaning) with such fact, the plaintiff is obliged to make an averment of the meaning of such cant phrases or nickname, or of the existence of such collateral fact, for the purpose of giving point to the words and of shewing that the defendant meant to make the charge complained of, and, in such cases, there must also he an averment, that the words were so understood by the persons to whom they were addressed, for, otherwise, they are without point and h.irmh ss.
 

 
 *355
 
 These averments are traversable and must be proven, sjnd differ entirely
 
 from
 
 wh.at are called jnuendoes, which need no proof, and in fact prove themselves, their office being merely to point .out the meaning and give a greater degree oí certainty than is usual ip conversation or ordinary writing.
 
 Hamilton
 
 v.
 
 Smith,
 
 2d Dev & Bat. 274.
 
 Watts
 
 v.
 
 Greenlee
 
 2d Dev. 115. When t.he words in their .ordinary signification designate the person an.d the of-fence, there is no necessity for an averment, and but little use in an inuendo. But when the words do not designate the person or the offence, an inuendo will not suffice, .unless it be supported by the averment of some fact. For instance, if the words are “the queen has stolen biscuit,” a simple ipuendo, meaning the plaintiff, will not answer, and it is not necessary to support it by averment, that it yvas known to the persons who heard the words, and that the plaintiff was called by that term, .and that they understood the defendant to mean her, for if the meaning was not understood, the words could do her no harm. So, if the offence consist in words of themselves unmeaning, there must be an averment of some fact to support the inuendo and give them a meaning. The jury must pot only be satisfied that the defendant’s meaning was as charged, but that he was so understood by the persons, who heard him, which latter part can only be established by their oath.
 
 Woolworth
 
 v.
 
 Meadows,
 
 5 East.
 
 46.
 
 It is the same .as if the .charge was made in the the Chinese or any otherforeign tongue (which the hearers are not presumed to understand,) and in such case there must be an averment, not only that the defendant meant to majce the charge, but that he was so understood by those who heard him.
 

 In this case, the words are, “ they had better mind or I will make the
 
 tray of biscuit roar
 
 before Saturday night;” these words are unmeaning, and point neither to the person nor the offence. His Honor was of opinion, .that it
 
 *356
 
 was proper to ask the witness, what he understood the words to mean, so far as they had relation to the offence, but held that it was unnecessary so far as they had reflation to the person, to whom the witness understood the defendant to attribute it. To this the plaintiff excepts. We are at a loss to perceive the ground of this distinction ; the words are unmeaning, in both particulars; both equally require explanation. In fact, it is impossible to explain the one without at the same time giving an explanation of the other. The declaration contains an averment, that there had been a report, which was known to the persons, to whom the defendant spoke, that the plaintiff had stolen a tray of biscuit. The defendant and the father of the plaintiff had just quarreled, and the plaintiff was passing near to the defendant and several other persons, when he used the words — meaning to charge the plaintiff with stealing biscuit, and that he was so understood by the persons who heard him. The witness wms allowed to say, that by the words “ tray of biscuit roar” he understood the defendant to mean that a tray of biscuit had been stolen and to threaten a prosecution, and he understood the defendant to allude to a report, which he had heard about stealing biscuit; this was only telling half of the tale, why exclude the other? The report was, that the plaintiff had stolen biscuits. If from this and the other circumstances annexed, the witness was able to understand the defendant’s meaning as to the offence, he was obliged also to understand it, as to the person: and there was the same necessity and the same reason for permitting him to give his understanding in reference to one as to the other. The rules of evidence are designed to enable plaintiffs in such actions to get at the truth, and to preveut defendants from stabbing in the dark.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.