HEINS *v.* SAVANNAH, FLORIDA & WESTERN RY. CO.

1. An action against a railroad company as lessor or licensor of another company, for permitting such company to inflict injuries upon the plaintiff, can not be converted by amendment into an action against the same defendant as a common carrier of passengers, for inflicting the alleged injuries through its own servants and agents.
2. Where the material allegations of a petition are not sustained by the evidence for the plaintiff, a judgment of nonsuit is proper.

Argued January 7, — Decided February 6, 1902.

Action for damages. Before Judge Spence. Decatur superior court. May 16, 1901.

*J. H. Merrill* and *C. P. Hansell,* for plaintiff.

*D. H. Pope* and *M. E. O'Neal,* for defendant.

LEWIS, J. The plaintiff sued the Savannah, Florida and Western Railway Company for damages on account of personal injuries alleged to have been sustained by him while traveling as a passenger on one of the defendant's trains. The petition as originally filed alleged that the defendant was a corporation "doing business in said county of Decatur, . . under the name, control, and management of a certain incorporated company known as the Alabama Midland Railway Company, which last-named railway company, its agents, servants, and employees, was, at the time of the damage and injuries hereinafter set out and complained of were in-

flicted, and now is using and exercising the franchise of the said Savannah, Florida & Western Railway Company . . with and by the permission of said last-named company." It is further alleged that the injuries on account of which suit was brought were inflicted "while petitioner was being carried as a passenger upon a passenger-coach that was being drawn over the road and track of the said Savannah, Florida and Western Railway Company by and under the direction, use, and control of the agents, servants, and employees of the said Alabama Midland Railway Company, . . for a valuable consideration paid by him to the agents, etc., of the said Alabama Midland Railway Company;" and that "the agents, servants, and employees of the said Alabama Midland Company, then and now using and exercising the franchises of the said Savannah, Florida & Western Railway Company : . by permission of the said Savannah, Florida & Western Railway Company, did so carelessly and negligently demean themselves" as to cause the damage sued for. The defendant filed a plea in which it denied all allegations of negligence and of liability, and also denied the allegations of the petition as to the use of its franchises by the Alabama Midland Railway Company. At the trial the plaintiff moved to amend his petition by striking therefrom all reference to the Alabama Midland Railway Company, thus changing it so as to charge the defendant company directly with the acts of negligence alleged to have been the cause of the injuries received. The court refused to allow this amendment, and the case proceeded to trial upon the petition as originally filed. By agreement of counsel the brief of the evidence taken on a former trial of the case was used as evidence on the trial of this case. The court on motion granted a nonsuit. To the order refusing to allow his amendment, and to the grant of the nonsuit, the plaintiff excepted.

1. It is undeniably true that the plaintiff's original petition set forth a good cause of action against the Savannah, Florida and Western Railway Company; as it is the settled law of this State that a railroad company permitting another company to use its franchise and run trains over its track is liable for personal injuries to a passenger on one of such trains. See *Central R. Co.* v. *Phinazee*, 93 *Ga.* 488, and cases cited. It is also true that the petition as sought to be amended set forth a good cause of action against the defendant. The two causes of action, however, are es-

sentially different in their nature.   One seeks to recover from the defendant in its capacity of lessor or licensor of the company which inflicted the injury; the other in its capacity of common carrier of passengers, itself inflicting the injury.   While the railroad company is liable in both capacities, the manner and nature of its liability in one is quite different from that in the other, and a suit against it in one such capacity can not by amendment be changed into a suit against it in the other.   A case directly in point is that of *Central of Georgia R. Co.* v. *Williams,* 105 *Ga.* 70, where the plaintiff originally sued the railroad company on account of injuries sustained by reason of the defective construction of a platform upon which he alleged that he was engaged at work as an employee of the company, and afterwards amended his petition by striking out that portion in which he alleged that he was a servant of the company, and inserting in lieu thereof that he was lawfully on the platform in the discharge of his duties as the servant of a tenant of the defendant, and that he was injured by reason of the negligence of the defendant in failing to have and keep a properly constructed platform.   In that case, as in this, a good cause of action was set up in both the petition and the amendment, but the court held that they were quite different, and reversed the judgment of the trial court in allowing the amendment.   In the opinion, on page 72, Chief Justice Simmons says: " These obligations are quite distinct, and a breach of one gives rise to a cause of action quite distinct from that arising from a breach of the other.   While our code is very liberal in allowing amendments, and while this court has been liberal in construing the code upon this question, neither the code nor the decisions of this court will sanction the allowance of an amendment which adds a new and distinct cause of action to the original suit."   Pursuing this reasoning, it is plain that a suit against a railroad company as lessor or licensor, for permitting an injury to be inflicted, can not be converted by amendment into a suit against the company as a carrier for doing the wrong itself.

2. The evidence showed that while the plaintiff was seated as a passenger in a car of the defendant company, which was at the time standing still, something (presumably an engine or another train of cars) collided with the car in which he was seated and threw him from his seat, inflicting injuries described.   Nothing appears to show by whose fault the collision occurred, and the Alabama

Midland Railway Company is not connected in any way with the occurrence. The plaintiff having failed to prove his case as laid, the judgment of nonsuit was proper.

*Judgment affirmed.    All the Justices concurring.*