26156, 26174. WARNER BROTHERS PICTURES INCORPORATED *et al. v.* STANLEY.

86

DECIDED JUNE 11, 1937.    REHEARING DENIED JULY 2. 1937.

94

98

108

*Jones, Powers & Williams,* for plaintiffs in error.

*John I. Kelley, Edith Campbell,* contra.

FELTON, J. (After stating the foregoing facts.)

■ The first question to be decided is whether the court erred in striking the allegations of the petition that the picture, as advertised as based on the book, charged that Burns was removed from the Campbell County gang to the Troup County gang because of his refusal to pay a bribe demanded of him by petitioner. We think the court erred in striking these parts of the petition. The suit is not simply for the exhibition of the picture, but for the exhibition of a picture as advertised to have been based on a particular book, which book it is alleged charges the plaintiff with transferring Burns from one gang to another because he refused to pay a bribe. The charge in the petition is that the picture as advertised, plus the charges in the book, make the charge against the plaintiff, and that the picture as advertised makes the charge to those who read the book and saw and heard the picture. The petition ties together the advertisements, the book, and the picture; and if the picture conveyed to the minds of those who had read the advertisements and the book the idea that the transfer was made for the reason alleged, it would be immaterial that the picture alone did not convey such an impression, simply because in the picture when the Prison Commission is shown to have refused Burns a parole he had already been transferred to the Troup County gang. The petition, as we will later discuss, is not duplicitous in charging that the picture·alone carried the idea of the improper transfer, and also that the picture, plus the advertisements, plus the book, carried it. For the purpose of clarifying

the issues raised by the general demurrers we will state now that the picture, as advertised as being based on the book, could have carried the idea of the improper transfer without showing that the transfer was made *after* the parole had been refused. That is a question a jury will have to determine. What impression the picture made on those who saw and heard it, and what the picture showed, would necessarily have to be stated in general terms. These general terms can not be held, in a case like this, to be conclusions of the pleader, for the reason that the actions, looks, and subtleties of a moving picture can not be transferred to the printed page. All the pleader can do in such a case is to allege in general terms what the picture showed and what impression it made on those who saw and heard it. Brown *v.* Paramount-Publix Cor., 240 App. Div. 520 (270 N. Y. Supp. 544) ; Youssoupoff *v.* Metro-Goldwyn-Mayer Pictures Ltd., 50 Times L. R. 581, 99 A. L. R. 864.

The plaintiffs in error in the main bill of exceptions stress their contention that the petition does not sufficiently describe the picture as being sufficient to charge an improper removal or a removal with improper motive. There is force in this contention; but the situation with which we are confronted requires a liberality with the pleader he could not otherwise expect. Even the general rule that innuendo can not add to the alleged charge must be relaxed when, as in this case, it is impossible to determine whether the innuendo so enlarges or adds to the charge or not, when the innuendo is a statement of what the picture does. The court can construe written or spoken words, but it can not construe a series of moving pictures it has never seen. Under the circumstances the issues must be left to a jury to determine, guided by proper instructions from the court. Under this ruling there was no error in overruling paragraphs 18 and 20 of the demurrer.

■ The court did not err in refusing to dismiss the petition as amended, on general demurrer. In view of the ruling in the foregoing division the suit was not subject to general demurrer. If that ruling had been different, the petition was nevertheless good as against general demurrer. It charged defamation of a man in public office, by representing him to be one of a commission of three who either instigated and furthered a cruel and savage penal system, or who, knowing about it, nevertheless permitted it to

continue. The effect of such a charge is to expose the commission to public hatred, contempt, and ridicule, and an allegation of special damages was unnecessary. *Augusta Evening News* v. *Radford,* 91 *Ga.* 494 (17 S. E. 612, 20 L. R. A. 533, 44 Am. St. R. 53); *Lowe* v. *News Publishing Co.,* 9 *Ga. App.* 103 (70 S. E. 607); *Atlanta Journal Co.* v. *Pearce,* 145 *Ga.* 694 (89 S. E. 759); *Holmes* v. *Clisby,* 118 *Ga.* 820 (45 S. E. 684); *White* v. *Parks,* 93 *Ga.* 633 (20 S. E. 78); Newell on Libel & Slander (4th ed.), 155-166, § 129.

■ Words or pictures which are in themselves innocent may be shown by colloquium and inducement to be libelous. Briggs *v.* Byrd, 33 N. C. 353; *Cooper* v. *Perry, Dudley,* 247, 8 Enc. Dig. 726. It may be shown by extraneous facts that the defamatory matter applied to the plaintiff. *Colvard* v. *Black,* 110 *Ga.* 642 (36 S. E. 80).

■ The court did not err in overruling paragraph 14 of the demurrer. It was first alleged that the defendants jointly and severally aided and participated in the advertising and exhibition of the picture, recklessly made and disseminated said charges, that each and all of the defendants collaborated to make and distribute said advertisements, and did together have said moving picture shown in said theater. To meet a special demurrer to this part of the petition the plaintiff amended by striking the original paragraphs setting forth the above allegations and by adding paragraphs 43, 45, 46, 48, 50, 59, and 62. The demurrer it was sought to meet by the amendments was that the allegations stated conclusions of the pleader in failing to show how or wherein they collaborated or jointly and severally acted in exhibiting the advertisements and the picture. The amendments were objected to by paragraph 14 of the demurrer. The amendments did not set forth a new cause of action. Originally, the allegation that the defendants collaborated jointly and severally in advertising and showing the picture was good except as against a special demurrer, and was amendable. The gist of the action is the joint advertising and showing of the picture. Who made the picture is immaterial to the cause of action. Whether a new cause of action is set forth depends on the original allegations of participation by the several defendants. The amendment enlarges upon the original allegations, but it does not go outside them. The amendments

finally say no more than was said at first, in effect, that the advertising and showing the picture resulted from the co-operative acts and conduct of all the defendants. The decision in *Central of Georgia Ry. Co.* v. *Williams,* 105 *Ga.* 70 (31 S. E. 134), doubted in *Central of Georgia Ry. Co.* v. *Hunter,* 128 *Ga.* 600, 605 (58 S. E. 154), cited by the plaintiffs in error, is not applicable to this case. There the first cause of action was for breach of one duty, while the amendment was for breach of an entirely different and separate duty. The same applies to the case of *Heins* v. *Savannah, Florida and Western Ry. Co.,* 114 *Ga.* 678 (40 S. E. 710). Besides, that case conflicts with *Central Railroad* v. *Whitehead,* 74 *Ga.* 441. The instant suit against the producers of the picture is not for producing it, but is for their acts in connection with the advertising and showing of it, without which it would not have been advertised and exhibited. The action against the other defendants is for the same thing, although their participation might have involved acts different from those of the producers or from those of each other. The vital consideration is that it is alleged they all worked together toward the same calculated end which it is alleged caused the injury sued for. See *Ellison* v. *Georgia R. Co.,* 87 *Ga.* 691, 699 (13 S. E. 809); *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318).

■ We construe the petition as setting forth but one cause of action, and that is for the republication of the libel contained in the book, by the exhibition of the picture as advertised, and as advertised to have been based on the book. So we conclude that the demurrers for duplicity were properly overruled.

■ Paragraph 13 of the demurrer was properly overruled. The allegation that "each of the untrue statements above described was known to the defendants and each of them to be untrue" is sufficient as an allegation of fact, and does not state a conclusion of the pleader.

■ In view of rulings in part 6 of this opinion, it was not error to overrule paragraph 17 of the demurrer. 17 R. C. L. 441, § 202; 37 C. J. 124, 125, §§ 585, 586.

■ There was no error in sustaining paragraph 6 of the demurrer. The action is for the exhibition of the picture in Atlanta alone, and the allegations stricken are irrelevant and immaterial thereto.

■ The court erred in sustaining so much of paragraph 12 of the demurrer as referred to paragraph 37 of the amended petition, and in striking the allegation that "the plot of said moving picture was written by the said Robert E. Burns," for the reason that this allegation is essential to identify the author of the book with the Burns who wrote the plot of the picture and the Burns who is represented in the picture, as well as the other persons represented in said book and picture. This is especially true in view of the allegation that an advertisement of the picture stated that Burns was the author of the picture.

These rulings cover all the assignments of error argued and insisted on.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. Stephens, P. J., and Sutton, J., concur.*

ON MOTION FOR REHEARING.

FELTON, J. It is insisted that the court overlooked the fact that the petition does not allege that any person who saw the picture had read the book, either before seeing the picture or afterwards. Assuming that the petition is defective in this respect, it is not subject to general demurrer on account thereof, and there was no special demurrer pointing out the defect. The point raised therefore can not be considered and passed on. *Rehearing denied.*