## CROSS *v.* SOUTHERN RAILWAY COMPANY.

A railroad company is not liable for damages for a personal injury to a boy more than seven years old, when the evidence shows that the boy was running along a path six feet from the track, with a rope tied around him and trailing behind, and that, after the engine and half of the train had passed him, the rope was by some means drawn under the train and the boy pulled thereunder and injured. Such an occurrence was an accident which could not have been guarded against by any reasonable degree of diligence on the part of the servants of the company.

Argued October 9, — Decided November 1, 1899.

Action for damages. Before Judge Janes. Haralson superior court. January term, 1899.

*J. M. McBride* and *Daniel W. Rountree*, for plaintiff.

*Dorsey, Brewster & Howell, Head & Head* and *Hugh M. Dorsey*, for defendant.

SIMMONS, C. J. The Southern Railway Company was sued for personal injuries to a small boy by one of its trains. After the close of the plaintiff's evidence, the court granted a nonsuit, and to this the plaintiff excepted. From the evidence and the admitted facts it appears that the injury occurred within the limits of an incorporated city, at a point on the company's tracks which was between two public crossings but more than three hundred yards from either of them. The

boy, not quite eight years old, had been "playing horse" with a little playmate, and, in lieu of harness and bridle, a piece of rope had been tied to his arms.  Having "gotten loose" from his driver, he ran away and, entering the shallow cut in which the track lay, ran along a path parallel to the track and about six feet from it.  A train of the defendant company came up behind him, but did not frighten him.  He looked back at it but continued down the path, and even after the engine had passed him he kept his course, the rope trailing behind him.  At a point some seventy-five yards from where he had run into the path, and when about half of the train had passed him, the rope by some means, whether as a result of the disturbance of the air by the train or of the motion imparted to the rope itself by the boy does not appear, caught on a passing car.  The boy was thrown from his feet and drawn partly under the wheels of the train, both of his legs being cut off between the knee and ankle.  The evidence also showed that, when the train was approaching the boy, the engineer did not ring the bell or blow the whistle, and that the speed of the train was from eighteen to twenty miles an hour.

Under these facts the company could not properly be held to have been in fault and liable in damages, and it was, therefore, not error to grant a nonsuit.  The company was not liable unless it had been negligent, and it was not negligence to fail to do what it was under no legal duty to do.  Simply because the boy was running along and keeping within a path parallel with the railway-track and some six feet from it, the law did not make it the duty of the company's servants to slow up the train, ring the bell, or blow the whistle.  Had the boy been running at an angle with the track and been apparently about to cross it, the case might have been decidedly different.  As it was, the boy was not on the track and did not appear to be in any appreciable danger, and the proximate cause of the injury was the engagement of the rope with some part of the passing train—something which the company's agents could not have foreseen and have been expected to guard against. For this reason, we think the injury is shown by the evidence

to have been the result of an accident for which the company can not be held liable.

*Judgment affirmed. All the Justices concurring.*