## SEWARD *v.* DRAPER *et al.*

One who entered a building undergoing alterations, and who sustained personal injuries because of an attempt to make his exit therefrom through a window the framing of which was insecurely fastened, could not, though his entry was lawful and though he honestly believed that in the existing condition of the premises it was safe and proper to use the window as a means of exit, hold the owners of the building liable for those injuries, when his presence therein was not by their invitation, either express or implied, and they in no way induced him to put the window in question to such a use.

Argued January 9, — Decided January 26, 1901.

Action for damages.　Before Judge Reid.　City court of Atlanta.　June 27, 1900.

The declaration alleged, that the defendants were the owners of a described building which they had undertaken to repair and change.　Plaintiff was a barber employed by Klein, who was negotiating with defendants for the occupancy of a portion of the ground floor of this building, which had been partitioned.　He desired plaintiff, as his employee and foreman, to go with him to this portion and look over its shape, openings, etc., and suggest the location of chairs and other appointments of a barber-shop.　They went together for this purpose, entered the building at a door at the side of the building, and sought out Murphy, who was employed by defendants to superintend the alterations of the building, and who was there in actual charge of the same for defendants; and, upon stating their purpose as before set out, they were invited by Murphy to go back to said room and inspect it.　They entered it through a skeleton partition.　Following this, they started out to the street at the rear end of the building.　There was then no door leading from said room to the street, but there was a large window.　Beneath this the floor was open for a few feet. Klein seized the framework of the window and stepped upon the frame, and thence into the street.　Plaintiff followed, taking hold of the framework, and lifted himself toward the window, when the framework gave way, and he fell back through the opening in the floor to the basement.　That window was the only exit to the room, and was used by the workmen and others having need to enter or leave said room, to and from the street.　The framework of this window had been removed by defendants, and in replacing it they

had failed to fasten it; and when seized in leaving the room, such a use as might be expected to be made of it, in the then condition of the building, it was unsafe and dangerous, and defendants were grossly negligent therein. Plaintiff had no knowledge of this danger, and was using all care and circumspection in leaving the room. It was part of his business to inspect said window as a means of exit, and with reference to its nearness to proposed chairs as related to the street, and it was part of his inspection to pass through said window to the street; and defendants had knowledge of this fact, or in the exercise of reasonable care and prudence would have known it. They were guilty of negligence, in inviting him to enter said room without notifying him of said danger and warning him not to leave by said exit; in failing to close said exit in its then dangerous condition, and in not, by placard or watchman, forbidding its use; in that they held out said premises as ready for inspection by prospective tenants, and invited plaintiff, knowing his purpose was to inspect said room, especially with regard to the opening, and knowing (or they should have known) that in the course of the inspection he would leave by the window; in failing to have the framework fastened; in not warning plaintiff, in the course of the inspection, not to pass through the window or to attempt to leave thereby; and in that, knowing of the condition of the premises, they invited him into the same without giving him notice of said danger and defect. He describes his injuries, and states his age, earnings, etc.

*Mayson & Hill,* for plaintiff.
*Slaton & Phillips,* for defendants.

LUMPKIN, P. J. An action for personal injuries was brought by Seward against Mrs. E. E. Draper and others. His petition, after having been amended, was dismissed on demurrer, and he excepted. The material portions of the petition and of the amendment thereto appear in the official report. We agree with the trial judge in holding that the petition as amended failed to set forth a cause of action. There is no distinct allegation that the defendants themselves ever invited the plaintiff to enter the building at all. In stating how he came to go into the house, he alleges that he did so at the request of one Klein, his employer, who was merely negotiating with the defendants for a lease of a room in the building

after the completion of the repairs thereon which were in progress. It is not even averred that the defendants invited or expected Klein to enter the house on a tour of inspection. The allegation that Murphy was employed by the defendants to superintend the alterations which were being made is certainly insufficient to disclose that it was within the scope of his authority as an agent of the defendants to invite people into the building for any purpose. The other allegations, to the effect that the defendants had invited the plaintiff to enter the building, and that they were guilty of negligence in so doing, must be taken in connection with the facts previously set forth; and thus viewed, they amount to no more than a mere conclusion of the pleader that the preceding statements contained in the petition as to the invitation extended by Murphy showed that the defendants were bound by his acts in the premises.

Aside from all this, there is nothing in the petition which amounts to an averment that the defendants ever expected that any person entering the building on a tour of inspection would undertake to make his exit through the window described in the petition. Indeed, no facts showing that any duty rested upon the defendants of making this window a safe means of leaving the building are stated. As to this matter, the amendment merely alleges that the plaintiff considered it a part of his business to inspect the window "as a means of exit," and that, as a part of such inspection, he undertook "to pass through the window to the street." It is not alleged that the defendants ever knew or had reason to expect that he would regard the doing of such things as a part of "his business" in the prosecution of which they were under an obligation to protect him from injury. The charge that they "in the exercise of reasonable care and prudence would have known same" is not supported by a recital of any facts which would warrant such a conclusion. *Judgment affirmed. All the Justices concurring.*