BIRD A. AUSTIN *vs.* HATTIE F. BAKER.

Androscoggin.    Opinion October 19, 1914.

*Duty.    Exceptions.    Invitees.    Licensee.    Negligence.    Nonsuit.*

1.   When exceptions are taken to an order of nonsuit, or to the direction of a verdict, all the evidence necessarily becomes a part of the case, and all of it must be taken to the Law Court; and if not taken, the exceptions may be dismissed.

2.   It is the duty of the owner of a building, having it in charge, to be careful in keeping it safe for all persons who come there by his invitation, express or implied; but he owes no such duty to those who come there for their own convenience.

3.   Toward a mere licensee, the owner of a building owes no duty, except that he shall not wantonly injure him.

On exceptions by plaintiff.    Exceptions overruled.

This is an action on the case to recover for personal injuries to plaintiff sustained, as he alleged, by reason of the negligence of the defendant.    Plea is the general issue.    At the conclusion of the plaintiff's evidence, the presiding Justice directed a nonsuit, and to this the plaintiff excepted.

The case is stated in the opinion.

*L. B. Waldron, and McGillicuddy & Morey,* for plaintiff.

*Manson & Coolidge, and Newell & Skelton,* for defendant.

SITTING:   SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, JJ.

SAVAGE, C. J.   This case comes before this court on exceptions by the plaintiff to an order of nonsuit.    The case as made up contains a part only of the evidence, such part as the plaintiff has seen fit to have printed.    This being so, we might very properly dismiss the exceptions.    When exceptions are taken to an order of nonsuit, or to the direction of a verdict, all of the evidence necessarily becomes a part of the case.    Such a ruling is based upon the entire evidence.

And it cannot be determined that the ruling was erroneous without an examination of all the evidence. It may be that the errors complained of are cured by the evidence omitted. It was so held in *Bank* v. *Nickerson*, 108 Maine, 341. Though the defendant has made the point, she has not absolutely insisted upon it. And we have thought best to examine the case on its merits.

So much of the evidence as is reported shows that the defendant is the owner of a two story building in Hartland. All of the upper story was occupied by one Burton and used by him as a barber shop. He was a tenant at will, under the defendant. The approach to the barber shop was by a flight of stairs on the outside of the building, at the top of which was a platform leading to the outside door of the shop. Around the platform was a railing. One rail was decayed and defective at the post. The plaintiff went up the stairs to the barber shop. He carried with him a bottle of whiskey, from which he drank in a back room connected with the barber shop, and he gave the barber a drink. He then started to return. He halted upon the platform to talk with another man. He says he did not lean against the rail, but that his hand was upon the defective rail. At any rate, the rotten end of the rail gave way, and the plaintiff was precipitated to the ground or landing below, and was injured.

This suit is brought to recover for this injury. The plaintiff did not go to the barber shop to be barbered, or to do any business with the barber. He went purely for his own convenience and to gratify his own whim or inclination. That being the case, he was a mere licensee, and the defendant as landlord owed him no duty, except the negative one of not wantonly to injure him. He was not invited.

The distinction between licensees and invitees is stated in *Stanwood* v. *Clancy*, 106 Maine, 72. In that case the court said that "while it is the duty of the owner of a building, having it in charge, to be careful in keeping it safe for all those who come there by his invitation, express or implied, he owes no such duty to those who come there for their own convenience. Toward a licensee the owner owes no duty, except that he shall not wantonly injure him. *Dixon* v. *Swift*, 98 Maine, 207; *Russell* v. *M. C. R. R., Co.*, 100 Maine, 408; *Parker* v. *Portland Publishing Co.*, 69 Maine, 173. It is well settled that when the owner of a building fits it up for business uses, he impliedly invites all persons to come there whose coming is naturally incident to the business carried on there. And if he leases the

building or parts of it to tenants, he impliedly invites all persons to come there in connection with the business carried on by the tenants. At the same time, if the building is open, and there is nothing to indicate that strangers are not wanted, he impliedly permits and licenses persons to come there for their own convenience, or to gratify their curiosity. To those invited he owes the duty of exercising care . . . . but to those merely licensed he owes no such duty. *Plummer* v. *Dill*, 156 Mass., 426."

It will be noticed that the duty of a landlord to exercise care to have the leased premises safe even for invitees arises, in the foregoing discussion, only when he has the building in charge. In this case the defendant contends that the case does not show that she was in charge, or had any control of the premises, or was under any legal obligation to make repairs. She says that in fact the case falls into the ordinary class where in the absence of express, valid agreement, the landlord is not bound to make repairs, but the tenant takes them as he finds them, and a visitor has no greater rights than the tenant. *McKenzie* v. *Cheetham*, 83 Maine, 543; *Whitmore* v. *Orono Pulp & Paper Co.*, 91 Maine, 297; *Bennett* v. *Sullivan*, 100 Maine, 118; *Hill* v. *Foss*, 108 Maine, 467.

But it is unnecessary to consider this last contention. Assuming that the defendant was in charge of the premises, and owed a duty to invitees, it is clear that she owed no duty to a mere licensee, as the plaintiff was. The nonsuit was properly ordered.

*Exceptions overruled.*