## 9471.  JONES *v.* ASA G. CANDLER INC.

Under the undisputed evidence in this case the plaintiff entered the
office building to see a tenant on business of her own, and was there-
fore a licensee only, and was not there by the invitation, express or
implied, of the owner of the building.. The trial judge did not err in
granting a nonsuit.

DECIDED OCTOBER 16, 1918.

Action for damages; from Fulton superior court—Judge Ellis.
December 5, 1917.

*Westmoreland, Anderson & Smith,* for plaintiff.

*Candler, Thomson & Hirsch,* for defendant.

HARWELL, J. ⋅ Mrs. Sallie H. Jones brought suit against Asa G.
Candler Inc., for damages for personal injuries alleged to have
been sustained when she was visiting what is known as the Candler
building for the purpose of transacting certain business with a ten-
ant of said building.   The petition alleges, that the Candler Build-
ing has offices that are rented to various persons for business pur-
poses, open to patrons of the persons renting offices therein and
those who call to see them on business; that as she was proceeding
along the hallway on the sixth floor of the building, in prosecu-
tion of her business, and in front of Dr. Hansell Crenshaw's office,
the hall at this point being somewhat dark and not well lighted,
the plaintiff stumbled and fell over some scantlings or pieces of
timber negligently allowed to be on the floor in the path of persons
passing along the hall; that these pieces of timber were left in the
hall by employees of the defendant, engaged in repairing Dr.
Crenshaw's office, and that the defendant was negligent in leaving
said pieces of timber in the hall in a place where persons using the
hall could stumble over them.   The petition further sets out the
extent of the injuries.   Upon the conclusion of plaintiff's testimony
the trial judge granted a nonsuit, and to this judgment the plain-
tiff excepted.

It is undisputed that the plaintiff went to Dr. Crenshaw's office,
not as a patient of his, but on business of her own.   She went for
the purpose of securing from him a contribution for a phonograph
she was buying for the students of Oglethorpe University.   She
went to his office to ask him to contribute to that fund.   It is in-
sisted by the defendant that the plaintiff was not in the building
by the invitation of the owner of the building, either expressed
or implied, but as a licensee only, and for that reason the owner

of the building owed her no duty except such as is due to a licensee; in other words, that the owner of the building is not liable to her for negligence, and for that reason, under the facts of the instant case, there can be no recovery in her behalf. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Civil Code, § 4420. This duty to exercise ordinary care in keeping the premises, as stated in the section just quoted, is owing by the owner of land to those who come upon his premises by express or implied invitation. No such duty arises to trespassers or licensees who may come upon the premises.

The rule is thus stated in 1 Thompson on Negligence, § 946: "As a general rule, the owner of private grounds is under no obligation to keep them in a safe condition for the benefit of trespassers, intruders, idlers, bare licensees, or others who come upon them, not by any invitation, express or implied, but for their own purposes, their pleasure, or to gratify their curiosity, however innocent or laudable their purpose may be." This writer further says (§ 987): "But he [the owner] is under no such obligation towards those who elect to come upon his business premises, not for the purpose of doing such business with him as he invites the public to do, but for other purposes of their own. Such persons stand on the footing of trespassers or bare licensees, and, on a principle already considered, they take the premises as they find them; and if they are hurt in consequence of any defect in them, they cannot recover damages. Suppose, for example, that an accident due to a negligent defect in business premises, had happened to a book canvasser, or a life-insurance agent, or a lightning-rod man,—clearly the conclusion of the law would be otherwise, on the ground that no implied invitation had been given to such a person to come upon the premises. Accordingly it has been held that one who for her own convenience goes into a building containing offices, to obtain information from an occupant in regard to a matter wholly disconnected with his business, or with the business of any occupant, or with the business for which the building was used, or designed, is a mere licensee, and cannot recover from the owner of the building for personal injuries sustained by reason of its de-

fective condition." In Plummer v. Dill, 156 Mass. 426 (31 N. E. 128, 32 Am. St. R. 463), one of the leading cases on this question, it is said: "If we assume that it was the duty of the defendant to keep the entrance, stairway and halls of his building reasonably safe for persons using them on an invitation express or implied, and if we further assume that he negligently permitted them to be unsafe, and that his negligence caused the injury to the plaintiff, and that she was in the exercise of due care, some of which propositions are at least questionable, we come to the inquiry whether the plaintiff was a mere licensee in the building, or was there by the defendant's implied invitation. She did not go there to transact with any occupant of the building any kind of business in which he was engaged, or in the transaction of which the building was used or designed to be used. She was in search of a servant, and, for her own convenience, she went there to inquire about a matter which concerned herself alone. It has often been held that the owner of land or a building, who has it in charge, is bound to be careful and diligent in keeping it safe for those who come there by his invitation, express or implied, but that he owes no such duty to those who come there for their own convenience, or as mere licensees. . . The mere fact that premises are fitted conveniently for use by the owner or his tenants, and by those who come to transact such business as is carried on there, does not constitute an implied invitation to strangers to come and use the place for purposes of their own. To such persons it gives no more than an implied license to come for any proper purpose. . . It is well settled that to come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there. There must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant." The case of Plummer v. Dill has been cited with approval by the Supreme Court of this State in *King* v. *Central of Ga. Ry. Co.*, 107 *Ga.* 754 (33 S. E. 839), and *Central of Ga. Ry. Co.* v. *Hunter*, 128 *Ga.* 600 (58 S. E. 154). In Stanwood v. Clancey, 106 Me. 72 (75 Atl. 293, 26 L. R. A. (N. S.) 1213), it is said: "When the owner of a building fits it up for business uses, he impliedly invites all persons to come there

whose coming is naturally incident to the business carried on there by himself or by his tenants. If the building is open, and there is nothing to indicate that strangers are not wanted, he impliedly permits and licenses persons to come there for their own convenience, or to gratify their curiosity. To those invited he owes the duty of exercising care in the management of the premises, so that they may not be injured; but to those merely licensed he owes no such duty. To a mere licensee he owes no duty except that he will not wantonly injure him. When 'a licensee goes into a building, he enters at his own risk, and must take the building as he finds it." In *Alessi v.* Fitzgerald, 217 Mass. 576 (105 N. E. 437, L. R. A. 1916F, 1135), it is said: "One injured while visiting a tenant to obtain work for a third person, her stepdaughter, though the tenant did not conduct an employment office and was not engaged in assisting those out of work in obtaining it, was not impliedly invited to enter on the premises, but went there for her own personal advantage and the benefit of the third person, and the landlord, remaining in possession of a part of the premises which he must maintain in a reasonably safe condition, was not liable for injuries caused by defects therein." See also Austin *v.* Baker, 112 Me. 267 (91 Atl. 1005). In *Seward v. Draper,* 112 *Ga.* 673 (37 S. E. 978), it was held: "One who entered a building undergoing alterations, and who sustained personal injuries because of an attempt to make his exit therefrom through a window the framing of which was insecurely fastened, could not, though his entry was lawful and though he honestly believed that in the existing condition of the premises it was safe and proper to use the window as a means of exit, hold the owners of the building liable for those injuries, when his presence therein was not by their invitation, either express or implied, and they in no way induced him to put the window in question to such a use." See also *Kohn* v. *Lovett,* 44 *Ga.* 251; *Chattanooga So. Ry. Co.* v. *Wheeler,* 123 *Ga.* 41 (50 S. E. 987); *Rome Furnace Co.* v. *Patterson,* 120 *Ga.* 521 (48 S. E. 166). ".A licensee is a person who is neither a passenger, servant, nor trespasser and not standing in any contractural relation with the owner of the premises, and is permitted to come upon the premises for his own interest, convenience or gratification." 29 Cyc. 451 (b). "The rule is well settled that an owner of premises owes to the licensee no duty as to the condition of such premises, unless imposed by

statute, save that he should not knowingly let him run upon a hidden peril, or wantonly or wilfully cause him harm. The licensee enters upon the premises at his own risk and enjoys the license subject to concomitant perils." 29 Cyc. 449 (3); 2 Jaggard on Torts, 890. To come under an implied invitation as distinguished from a mere license the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there." 29 Cyc. 455; 2 Jaggard on Torts, 896; See note to Gordon v. Cummings, 9 L. R. A. 640; Indian Refining Co. v. Mobley, 24 L. R. A. (N. S.) 497; O'Brien v. Union Freight R. R. Co., 36 L. R. A. (N. S.), 492.

Under the undisputed facts of this case we think that the plaintiff when she entered this building was a licensee only, and the defendant owed her no duty except not to injure her wantonly and wilfully after her presence became known. Possibly the owner must also protect a licensee from such hidden perils as pitfalls, mantraps, and the like, negligence in this respect being considered as equivalent to wantonness and wilfullness. See *Rollestone* v. *Cassirer, 3 Ga. App.* 161 (59 S. E. 442). That, however, does not enter into the instant case, as it is not predicated upon wantonness and wilfullness. The plaintiff clearly, therefore, was not entitled to recover, and the court did not err in granting a nonsuit. We have not overlooked the cases cited by counsel for the plaintiff, all of which can be distinguished from the instant case. In the case of *Atlanta Cotton-Seed Oil Mills* v. *Coffey, 80 Ga.* 145 (4 S. E. 759, 12 Am. St. R. 244), the plaintiff went upon the premises of the oil-mills for the purpose of hauling away cottonseed hulls, and was there by the invitation, express or implied, of the defendant, and therefore was not a licensee. In the case of *Archer* v. *Blalock, 97 Ga.* 719 (25 S. E. 391), the plaintiff, according to the allegations of the petition, entered the store for the purpose of trading, and of course was there on the implied invitation of the tenant and on business with the tenant and in which the tenant was interested, and therefore was not a licensee. In *Rollestone* v. *Cassirer,* supra, it was held that a drunk man entering a saloon was a licensee only. The suit was dismissed on general demurrer, and the judgment dismissing the petition was reversed upon the ground that, although the deceased was a licensee only, nevertheless the allegations of the petition made out a case of wanton and wilful injury,

that is negligence in maintaining a hidden peril or pitfall on the premises. The other cases cited by plaintiff in error, viz., *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (58 S. E. 1060), *Central R.* v. *Robertson,* 95 *Ga.* 430 (22 S. E. 551), and *Etheredge* v. *Central Ry. Co.,* 122 *Ga.* 853 (50 S. E. 1003), are easily distinguished in like manner from the instant case. Furthermore, if any negligence was shown, which is questionable, on the part of the defendant in piling the lumber in the hall, and, as the evidence indicated, against the wall, it would seem that the plaintiff could, by the exercise of ordinary care, have avoided the consequences of such negligence. In fact the stumbling over the small pile of lumber against the wall seems to have been due to her own carelessness in hurriedly and without looking coming out of the door of Dr. Crenshaw's office. The lumber was evidently there when she went into the office, and no reason appears why she should not have seen it and avoided it in coming out.

We can not agree with the contention of the plaintiff that the nonsuit was improper because she proved her case as laid, under the principle stated in *Kelly* v. *Strouse,* 116 *Ga.* 872 (4-*d*), 883 (43 S. E. 280). From the allegations of the petition, we think that the plaintiff puts her case upon the ground that she entered this building for the purpose of transacting business with a tenant of said building and as a patron of said tenant. She alleges that the building has offices that are rented to various persons for business purposes, and are open to patrons of the persons renting offices therein, and that she went into the building for the purpose of transacting certain business with a tenant of the building. We think a fair construction of the petition is that she was there, not as a trespasser or licensee, but on business with the tenant in which the tenant was interested; that is, upon the invitation expressed or implied of the owner of the building. Furthermore, as above stated, the facts show that she could by the use of ordinary care have avoided the consequences of defendant's negligence, if indeed any negligence is shown on the part of defendant or his employees. That being true, she has failed to sustain the allegations of her petition, and under the undisputed evidence the court did not err in granting a nonsuit. The judgment is therefore

*Affirmed. Broyles, P. J., and Bloodworth, J., concur.*