## 22504. MATHIS v. CENTRAL OF GEORGIA RAILWAY COMPANY.

STEPHENS, J. 1. Where a child over seven years of age, "whose mental and physical powers [are] normal" is injured by stumbling over a switch-rod stretched across a pathway, along which he is walking on the right of way of a railroad company, between two parallel railroad tracks, the proximate cause of the injury is not the failure of the servants of the railroad company, in operating the train, to anticipate the child's presence on the railroad's right of way, or to stop the train on seeing the child, or in failing to extricate the child from a perilous situation in proximity to the train, or in running the train past the child, or overtaking him, and in increasing the speed of the train after observing the child, or in failing to give the child warning of the presence of the train, where it does not appear that such conduct of the servants of the railroad company, by frightening or confusing the child or otherwise, had anything to do with the child's stumbling over the switch-rod and falling under the train. *Cross* v. *Southern Ry. Co.*, 109 *Ga.* 170 (34 S. E. 277); *Southern Ry. Co.* v. *Eubanks*, 117 *Ga.* 217 (43 S. E. 487).

2. When a person who is prevented from crossing a railroad-track at a public crossing by a train which blocks the crossing proceeds up the right of way of the railroad company, not for the purpose of going around the standing train, and continues up the right of way alongside a railroad-track, he is not on the right of way as an invited person, but is no more than a licensee.

3. A boy seven years of age who walks by the side of a railroad-track on the railroad company's property where children are accustomed to walk with the knowledge of the railroad company is no more than a licensee; and, since the owner of premises owes to a licensee no duty as to the condition of the premises, where no such duty is imposed by statute, other than not to knowingly let him run into a hidden peril or to wilfully cause him harm, the railroad company is not negligent in failing to keep the pathway free from an impediment which might cause a person walking along the pathway to stumble and fall under a passing train. *Jones* v. *Asa G. Candler Inc.*, 22 *Ga. App.* 717 (97 S. E. 112); *Crossgrove* v. *Atlantic Coast Line R. Co.*, 30 *Ga. App.* 462 (118 S. E. 694); *Petree* v. *Davison-Paxon Stokes Co.*, 30 *Ga. App.* 490 (118 S. E. 697); 22 R. C. L. 918.

4. The blocking of the crossing by a train of the railroad company, which caused the child to proceed along the path by the railroad-track, or the failure of the railroad company to discharge any duty due by it to a person at the crossing, is not the proximate cause of the injury to the child.

5. The maintenance by the railroad company across the pathway on its right of way alongside the railroad track, of a metal switch-rod about two inches above the ground, with a hole in the ground underneath about two and one half inches deep and extending about two and one half feet across the path, and being about nine inches in the other direction, and so located as to cause a person walking on the pathway beside the railroad-track to stumble and fall, which was not a hidden peril but a condition which could be easily seen, was not negligence on the part of the rail-

road company as respects a licensee walking along the pathway parallel to the track.

6. The petition failed to set out a cause of action against the railroad company, for the plaintiff, as the mother of the child, for the recovery of damages for the homicide of the child, caused by his stumbling on the switch-rod in the pathway of the defendant company on its right of way parallel to one of its tracks, and in falling under a passing train. The court properly sustained the demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 24, 1933.

*E. L. Forrester,* for plaintiff.
*Pottle, Farkas & Cobb,* for defendant.