## CENTRAL OF GEORGIA RAILWAY COMPANY
### *v.* WILLIAMS.

1. Where one brings an action against a railway company for injuries he sustained growing out of the defective construction of a platform upon which he was engaged at work as an employee and servant of the company, such a suit can not be converted into an action against the railway company as owner of the premises where plaintiff was hurt and as landlord of the plaintiff's employer.

2. The amendment not being allowable, and the verdict being predicated upon the amendment, the court erred in refusing to grant a new trial.

Argued June 10, — Decided July 22, 1898.

Action for damages. Before Judge Ross. City court of Macon. September term, 1897.

*Steed & Wimberly* and *John R. Cooper,* for plaintiff in error.   *Marion W. Harris* and *Glenn & Rountree,* contra. ·

SIMMONS, C. J.   Williams brought suit against the railway company for damages.   He alleged that he was a servant of the company, employed to "truck cotton" on the platform of a compress; and that by reason of the defective construction of the platform and a want of repairs, it fell and he was thereby injured.   The company pleaded that Williams was not its servant, and that it was not in possession or control of the compress or platform at the time of the injury; that the compress and platform had been leased by the old Central R. R. & Bkg. Co. to one Whitesides, and that when this company had its property sold by the court, it was purchased by the defendant company; that when defendant purchased the property and franchises of the old company, the lease had not expired and Whitesides retained control and possession until the lease did expire; and that Whitesides was in control and possession, under the lease, at the time of the injury.   The trial proceeded under the petition and plea; and at the close of the testimony, after the defendant had fully established its plea as to the lease of the compress to Whitesides, the plaintiff amended his petition by striking out that portion in which he alleged that he was a servant of the company, and inserting, in lieu thereof, that he was lawfully on the platform in the discharge of his duties, which consisted in trucking cotton, and that defendant then owned said platform and compress, that he was injured by reason of the carelessness and negligence of defendant and its failure of duty to him in not having properly constructed the platform and kept it in repair.   Thus the amended petition made the action one by a stranger to the company against it for defective construction and non-repair of the platform, whereby he, as the servant of Whitesides, was injured.   The defendant objected to the allowance of this amendment; the objection was overruled, and defendant excepted.   The trial proceeded, and, under instructions of the court, the jury returned a verdict against the company as owner of the platform.   A motion for a new trial was made by the defendant, and overruled by the court.   Defendant excepted.

1. It will be observed that the plaintiff's original suit was

predicated upon the relation of master and servant and upon the duties of the master growing out of that relationship. The gist of the action, as first instituted, was that the master had negligently failed to provide plaintiff a safe place on which to do the work for which he was employed. These duties grew out of the contract relationship between the master and the servant. When the amendment was made and allowed, it changed the whole character of the action. Plaintiff then depended for recovery upon the obligation of the landlord to his tenant and the tenant's servants to keep the premises in repair. The two causes of action are quite different, and the rules governing the obligations of the master and of the landlord under such circumstances are also different. In the one, a legal obligation is upon the master to provide a safe place for his servant to work; in the other, the obligation is that of a landlord to keep his premises in repair so as not to injure his tenant or his tenant's servants. These obligations are quite distinct, and a breach of one gives rise to a cause of action quite distinct from that arising from a breach of the other. While our code is very liberal in allowing amendments, and while this court has been liberal in construing the code upon this question, neither the code nor the decisions of this court will sanction the allowance of an amendment which adds a new and distinct cause of action to the original suit. We think, therefore, that the court erred in allowing this amendment over the objection of the defendant.

2. Inasmuch as the verdict of the jury was clearly predicated upon the amendment which had been improperly allowed, the trial was a nullity and the judgment must be

*Reversed. All the Justices concurring.*