CENTRAL OF GEORGIA RAILWAY CO. *v.* HUNTER.

1. A petition in a suit against a railroad company alleged that the defendant was the owner of the building which it used for depot purposes, and thereby invited persons having business to transact with the defendant to visit the same, and that the plaintiff went to the building for the purpose of transacting business with the defendant, and while there was injured by a defect in the floor of the building, which the defendant had negligently allowed to exist. An amendment

was allowed which alleged that the defendant permitted the express company to carry on its business in the building, and that the post-office of the town was also situated therein, and that one person occupied all of the positions of railroad agent, express agent, and postmaster, and that plaintiff visited the building to transact business with such person as agent of the express company. *Held*, that the amendment did not set forth a new cause of action.

2. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

Argued May 23,—Decided July 10, 1907.

Action for damages.     Before Judge Reagan.     Taylor superior court. July 28, 1906.

Mrs. Martha Hunter brought suit against the Central of Georgia Railway Company, alleging, that the defendant was a corporation operating a line of railroads in the County of Taylor, and had damaged her in the sum of ten thousand dollars. The plaintiff visited the depot of the defendant at the station of Howard, in the county named, "for the purpose of transacting business with the defendant." While she was leaving the depot she stepped upon a plank in the floor of the depot, and the plank gave way, causing her to fall into the hole. The depot was a place designed for public use, and was used by the public. It was designed for the use of those who transacted business with the defendant, and was so used. The plank on which she stepped was loose, and was so placed that any one stepping upon it would cause it to tilt and be precipitated into a hole thereunder. The insecure condition of the place was known to the defendant, or by the exercise of ordinary care could have been known. The negligence alleged is in allowing the depot to become insecure and unsafe in the manner above referred to, and in failing to repair the same after notice of the fact that the same was out of repair. The petition in detail alleged the character of the injuries sustained, which were serious and permanent. The plaintiff offered an amendment to the petition alleging, in substance, that the express company was permitted by the defendant to carry on its business in the depot, that she went to the depot for the purpose of transacting business with the agent of the express company, who was also the agent of the defendant, and that the post-office of the town was also situated in the depot building, and the agent of the defendant was also the postmaster. The purpose for which the plaintiff entered

the depot is alleged to have been to pay the agent of the express company for a package which had been forwarded by him for her. The defendant objected to the amendment, upon the ground that it added a new and distinct cause of action, changing the legal status of the parties and the character and nature of the liability of the defendant, and that the averments of the amendment were in no way germane to the cause as laid in the original petition. The court allowed the amendment, and the defendant excepted pendente lite. The defendant filed an answer in which it admitted that its depot, or a part thereof, was intended and designed for the use of those who had business to transact with it, but denied that it was designed for public use, or was used by the public except in the manner above referred to. When the case came on for a trial, at the conclusion of the plaintiff's testimony the defendant made a motion for a nonsuit, which was overruled, and the defendant excepted pendente lite. The trial resulted in a verdict in favor of the plaintiff. The defendant made a motion for a new trial, which being overruled, it excepted.

*Charlton E. Battle,* for plaintiff in error.

*Smith, Berner, Smith & Hastings* and *R. S. Foy,* contra.

COBB, P. J. (After stating the facts.)

1. The original petition unquestionably set forth a cause of action. It was alleged that the defendant railroad company was the owner of a building used as a depot, and invited people having business with the company to come to the building and transact such business. The plaintiff, in response to this invitation, repaired to the building to transact business with the company, and was injured while there by a defect in the floor of the building, which the defendant negligently permitted to exist. The cause of action as originally alleged grew out of the ownership by the railroad company of the building, and its continuing it in a use which necessarily implied an invitation to all who had business with it to resort there for such purpose. The exact character of the business is not alleged. The character of the business that the owner or occupier of lands carries on therein is, in a case of the character now under consideration, material only in determining whether it is of a nature which implies an invitation to others to resort to such place. The use by a railroad company of a building for a freight and passenger depot is an implied

invitation to any one who may have business with the company in its capacity as a carrier of freight or a carrier of passengers. "When the owner or occupier of land, by invitation express or implied, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by the unsafe condition of the land or its approaches, and, under such an express or implied invitation, he must exercise ordinary care and prudence to render the premises reasonably safe for the visit." *Atlanta Oil Mills* v. *Coffey, 80 Ga.* 145 (2); Civil Code, §3824. The liability of a railroad company as the owner or occupier of land, engaged in business, is the same as that of any person in like circumstances. *Central Railroad* v. *Gleason, 72 Ga.* 742. It is now to be determined whether the amendment was a departure from the cause of action alleged in the original petition, that is, to use the language of our law, did the amendment set forth a new and distinct cause of action? What were the new facts alleged? That the railroad company, in its building, permitted the express company to carry on its business, and also permitted the United States government to carry on its postal business, and that the postmaster, the agent of the express company, and the agent of the defendant were one and the same person, and that the plaintiff went to the depot for the purpose of transacting business with the express company. The company transacted its own business therein, and invited the people to come to the building for that purpose. The amendment simply alleged that it permitted the express company to also transact business therein, and therefore invited people to visit the building for the purpose of transacting business with that company; and having allowed the government to use a portion of the building for a post-office, an invitation to the public to repair to the building for any lawful matter connected with the post-office department resulted. There was no change in the allegation as to the ownership of the building. In the amendment, however, the invitation was broader than it was in the original petition. In the original petition it embraced only one class: those who had business to transact with the company; in the amendment it embraced those who had business to transact with the express company as well as with the postmaster. The cause of action results from an injury to one who had been invited to the building by the de-

fendant. The original petition alleged the acceptance of the invitation to visit the building for the purpose of transacting business with the defendant. The amendment alleged the acceptance of the invitation to the same building to transact business with a company which the defendant permitted to carry on business therein. The duty to keep the building in a safe condition was the same in each instance; that is, it was the duty owing to all who were invited there to transact business with the defendant, or with any one whom the defendant permitted to carry on its business therein. In Plummer *v.* Dill, 156 Mass. 426, it is said: "To come under an implied invitation as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there. There must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the subject of the visit may not be for the benefit of the occupant." This language was quoted with approval in *King* v. *Central Ry. Co.*, 107 Ga. 760. One who owns a building and occupies a portion thereof for the transaction of his own business, and permits others to occupy parts of the same for the transaction of their business, impliedly invites all persons having any business with any of the occupants to come to the building, and, as a consequence of the invitation held out, is under a duty to render the building reasonably safe for all who visit it in response thereto. The cause of action in the original petition rested upon the ownership of the building and devoting it to uses which impliedly gave an invitation to others to approach and use the same. The amendment simply alleged that the invitation was broader in its scope than that alleged in the original petition. We do not think that the amendment constituted a departure from the cause of action as originally laid. There is nothing in our present ruling to conflict with the ruling in *Central Ry. Co.* v. *Williams*, 105 Ga. 70. In that case the original petition alleged that the plaintiff was an employee and servant of the defendant, and that he was injured on account of a defective platform on which he was engaged in work; and the amendment sought to convert the action into one against the railroad company as the owner of the premises and as the landlord of the plaintiff's employer. Under the original petition the duty grew out of the relationship of

master and servant. Under the amended petition the duty grew out of the obligation of the landlord to the tenant and the tenant's servants to keep the premises in repair. It is said, though, that in the present case the relation of landlord and tenant existed between the railroad company and the express company, and that therefore the *Williams* case is, in principle, controlling, if not precisely in point. The difference between the cases is, that in the present case the invitation was the same and the duty was the same whether the plaintiff went to the depot to transact business with the railroad company or with the express company. The liability arose out of the same state of facts: the ownership of the building and the invitation to others to visit the same. In the *Williams* case, under the original petition the liability charged grew out of one relationship, and the liability charged in the amendment grew out of an entirely separate and distinct relation. Speaking for myself, I doubt very much the soundness of the decision in the *Williams* case when it is considered in the light of the broad and salutary ruling made in the case of *City of Columbus* v. *Anglin,* 120 *Ga.* 785. For similar reasons there is no conflict between the present ruling and the case of *Heins* v. *S., F. & W. Ry. Co.,* 114 *Ga.* 678. Even if there were, that case is in conflict with the case of *Central Railroad* v. *Whitehead,* 74 *Ga.* 441. See the remarks of Mr. Justice Lumpkin, in *Georgia Railroad Co.* v. *Haas,* 127 *Ga.* 197. There was no error in allowing the amendment.

2. Those assignments of error in the motion for a new trial, relating to the charges which were excepted to, and the requests to charge which the court refused, are disposed of by what has been said in the preceding division of this opinion. The evidence shows that the depot building contains several rooms devoted to different purposes. There was a door leading to the post-office which could be used by persons having business to transact with the postmaster or with the express agent or with the railroad agent. There was also a door which led into the waiting-room, and this room was connected by another door with that portion of the building in which the agent of the railroad company and the agent of the express company transacted the business of his different positions. It appears that the plaintiff entered the building by the door leading to the portion set apart for the post-office,

where the agent of the railroad and express companies attended to his business, and having completed her business she did not return in this way but walked through the agent's office through the door to the waiting-room and from there out of the door to the platform where she received the injuries complained of. While it appears from the evidence that it was usual and customary for persons having business with the agent or with the postmaster to enter and depart from the building through the door the plaintiff entered, the manner in which the business was carried on in the building in the various rooms and the doors connecting the same was such that an inference could be drawn that one entering the building upon any business connected with the persons therein was at liberty to use any of the doors as means of ingress and egress. It distinctly appears that the door leading from the agent's office into the waiting-room, and the door leading from the waiting-room to the platform, were open, and there is nothing to indicate that it was against the rules of the company for one having business with the agent in any of his three capacities to leave the building by this route. The defendant owed to the plaintiff a duty to have its building and the means of ingress and egress and the platform in a reasonably safe condition at all places that were held out by it, according to the way it conducted its business, as a place to transact business therein, or as a way to approach and depart therefrom. On every material issue the evidence authorized the finding in favor of the plaintiff. We see no sufficient reason for reversing the judgment.

*Judgment affirmed. All the Justices concur.*