## 12139.　GREATER SAVANNAH COMPANY *v.* OLIVER & OLIVER.

1. Where plaintiffs, as copartners engaged in the practice of law, sued upon a quantum meruit for a certain amount on account of services rendered to the defendant corporation, the bill of particulars showing that some of the services were rendered by the firm as attorneys, and a part by the respective members of the firm as officers of the defendant corporation, an amendment to the bill of particulars, striking therefrom the items for services rendered as such officials, was not subject to the objection that it added a new and distinct cause of action, notwithstanding that by the terms of the amendment the amount originally sued for remained the same, and the amount claimed for the stated legal services was in this way increased. *Hager* v. *Cunningham,* 126 *Ga.* 684 (4) (56 S. E. 64); *Danielly* v. *Cheeves,* 94 *Ga.* 263 (1), 267 (21 S. E. 524); *Wilson* v. *Bush,* 22 *Ga. App.* 83 (2) (95 S. E. 317).

2. The ground of demurrer, that, as the suit for legal services was based upon a quantum meruit and not upon an express contract, a recovery could not be had on the basis of a monthly valuation of such services, and that consequently the bill of particulars was inadequate, was not well taken. For general advice and services of the nature and character indicated by the petition and shown by the evidence, the plaintiffs were entitled to recover ordinary and reasonable charges, fixed according to the mode usually observed by members of the legal profession. *Marshall* v. *Bahnsen,* 1 *Ga. App.* 485, 486 (57 S. E. 1006).

3. The verdict was supported by the evidence.

DECIDED OCTOBER 24, 1921.

Complaint; from Chatham superior court — Judge Meldrim. November 16, 1920.

The plaintiffs, as a copartnership engaged in the practice of law, sued for $2,350, for services rendered to the defendant corporation as shown by an itemized statement attached to the petition. The itemized statement reads as follows: "To services rendered to said company as attorneys, in all matters requiring legal attention since February 3d, 1915, to January 1st, 1919, a period of forty-seven months, such as conferences with and advice to the president relative to controversies which have arisen from time to time between the company and the lessee, the Newcomb Hotel Company, conferences with and advice to the president in the matter of renewal and reduction of indebtedness due by the company to the Citizens & Southern Bank, advising Citizens & Southern Bank on all matters requiring legal attention in behalf of the company; conferring with and advising president in the matter of claim made by the Mayor and Aldermen of the City of Savannah relative to defect in pavement and sidewalk due to alleged improper method of construction, during the construction of the hotel, and correspondence with the chief engineer of the City of Savannah relative thereto; conferences with and advice given to the president and Mr. Quinan in the preparation of income tax and corporation returns, both State and Federal; conferences with the president and advice given relative to complaints of lessee in the matter of alleged defects in roofing, flashing, and sky-lights as against leakage that might develop; conferences with and advice given to president, and letter written Newcomb Hotel Company, Mr. J. H. Denton, manager, relative to obedience by the Newcomb Hotel Company, as lessee, to the prohibition laws of Georgia, which took effect on and after May 1st, 1916, and services of Mr. E. J. Oliver, as acting secretary of the company for said period of time, forty-seven months, all for the monthly charges of $25.00 per month ..................................... $1,175.00

Services of F. M. Oliver, as vice-president of the company, acting upon all matters requiring the attention of the president during his absence or disability, at $25.00 per month, for said period of time........................................ $1,175.00

$2,350.00"

In response to a demurrer entered by the defendant's attorney, the plaintiffs, over objection of the defendant, were allowed to

amend their petition " by striking out of the first paragraph of Exhibit A attached to said petition the words ' and services of Mr. E. J. Oliver, as acting secretary of the company for said period of time — forty-seven months, all for the monthly charge of $25.00 per month, $1,175.00;' and by striking out the second paragraph of said Exhibit A, to wit: " Services of F. M. Oliver, as vice-president of the company, acting upon all matters requiring the attention of the president during his absence or disability, at $25.00 per month, for said period of time . . . $1,175.00;" and substituting, in lieu of the words so stricken, the words, ' all for the monthly charge of $50.00 per month, $2,350." After this amendment the defendant's demurrer as renewed was overruled. The jury returned a verdict in favor of the plaintiffs for the amount sued for.

In his order overruling the motion for a new trial the judge said: " The difficulty I have in deciding the motion arises out of the want of clearness in the original petition and in the amendment thereto. The petition averred that the plaintiffs were attorneys at law, and that they had rendered certain services to the Greater Savannah Company, a corporation. The action seems to be on account, for services, and the plaintiffs aver that the amount set out, $2,350, is reasonable. An ' Exhibit A ' is attached and made part of the petition. After stating the services rendered, we find the following words, ' and services of Mr. E. J. Oliver, as acting secretary of the company for said period of forty-seven months, *all* [italics mine] for the monthly charge of $25.00 per month, $1,175.' Then follows another paragraph: ' Services of F. M. Oliver as vice-president of the company, acting upon all matters requiring the attention of the president during his absence or disability, at $25.00 per month for said period of time, $1,175.00 — $2,350.00.' It will be noted that the $1,175, set out as due to Mr. E. J. Oliver as acting secretary, and a like amount to Mr. F. M. Oliver, as vice-president, aggregate $2,350, the exact sum claimed to be due to plaintiffs for ' services rendered to said company as attorneys.' The original petition averred that the plaintiffs were attorneys at law and, as such, had rendered services to the defendant. I therefore allowed an amendment, striking out the amount as to the $25 per month to Mr. E. J. Oliver as secretary and the like amount to Mr. F. M. Oliver as vice-president. The petition

thus amended was for services rendered by the plaintiffs to defendant, *as attorneys*. At the end of the amendment are these words, ' all for the monthly charge of $50 per month.' The verdict was for $2,350. The defendant moves for a new trial. There are no objections to evidence and no complaints as to the charge. The movant's contention is that the verdict is unauthorized by the pleadings and evidence. The principles of law applicable to the case are few and simple. Thus, the evidence should sustain the allegations, and the verdict should be supported by the evidence. If the contract were express, — that is, if the defendant agreed to pay a fixed sum of $50 per month, — then the plaintiffs cannot recover in this action. In the view which I take of the case, the action was not on an express contract, but was quantum meruit. There is evidence tending to show that there was no express contract, but that valuable services were rendered by plaintiffs and accepted by defendant. I have reached the conclusion that the averment ' all for the monthly charge of $50.00 per month ' should be regarded as the expression of an opinion as to the value of the services — an estimate or measure of value. The issue of fact was clearly submitted, and that issue was thus stated: ' The plaintiffs, if they recover, must recover as attorneys for the services rendered as attorneys to the defendant company.' Plaintiff's attorney in open court stated that the suit was for *quantum meruit,* and I expressly ruled that there could be no recovery on an express contract. There was no averment of an express contract and no evidence of one. The jury found that services had been rendered by the plaintiffs and accepted by the defendant. They found the value of the services to be $2,350, which is equal to 47 months, at $50 per month. I cannot say that the verdict is not authorized by the pleadings and evidence. The motion is overruled."

*F. H. Saffold,* for plaintiff in error. *Travis & Travis,* contra.

JENKINS, P. J. (After stating the foregoing facts.) The original petition, as we construe it, was not brought solely for the recovery of reasonable compensation rendered by plaintiffs in their respective capacities as vice-president and secretary of the company, although this seems to be the theory on which the argument by counsel for the plaintiff in error is based. Had the items in the bill of particulars definitely made it to appear that half of the amount sued for was for services rendered solely by E. J. Oliver

as secretary, and that the other half was for services rendered solely by F. M. Oliver as vice-president, then it would seem very doubtful whether the mere general statement in the petition that plaintiffs were a legal copartnership would be sufficient to indicate that the suit was in any wise brought for legal services. And it is the opinion of the writer that if the original petition had been thus limited to a suit for services rendered by the plaintiffs solely in their respective official capacities, it could not be amended by setting up services rendered as attorneys, since to do so would be to change altogether the relationship of the parties to the suit. *Central of Ga. Ry. Co.* v. *Williams,* 105 *Ga.* 70, 72 (31 S. E. 134). But not only, as is indicated in the judgment of the trial judge, did the petition set forth that the plaintiffs were a legal copartnership composed of F. M. Oliver and E. J. Oliver, engaged in the practice of law, and that the defendant is indebted to the *firm* in the sum sued for, but, as we construe it, the suit as originally brought, and as is shown by the bill of particulars itself, was not only in part for services rendered by one of the members of the firm as secretary of the corporation, but was partly for attorney's fees for services rendered in all matters requiring legal attention within a designated period, such as conferences and advice to the president relative to various specified legal matters, and such as certain other designated legal services rendered for and accepted by the defendant corporation, " *all* for the monthly charge of $25." It will thus be seen that, even by the original bill of particulars, this charge of $25 per month was in part for attorney's fees on account of legal services rendered; and the effect of the amendment was therefore but to eliminate the other kind of service and to increase the amount sued for as attorney's fees; and this would seem not to be prohibited, since " an allegation in a petition, that under the facts pleaded the plaintiff is entitled to recover a certain amount, is not an estoppel in judicio which precludes an amendment that under the same facts the plaintiff is entitled to a larger recovery." *Wilson* v. *Bush,* 22 *Ga. App.* 83, 86, supra; *Huger* v. *Cunningham,* 126 *Ga.* 684 (4), supra.

   *Judgment affirmed. Stephens and Hill, JJ., concur.*