### 17634. MORRISON *v.* FINKOVITCH INCORPORATED.

1. The remedies provided by section 4131 of the Civil Code (1910), for a seller of goods, on the purchaser's breach of the contract of sale, are not exhaustive, nor is the seller in every such case limited to one of the measures of damage stated in that section. *Carolina Cement Co. v. Columbia Improvement Co.*, 3 *Ga. App.* 483 (60 S. E. 279); *United Roofing Co. v. Albany Mill Supply Co.*, 18 *Ga. App.* 185 (89 S. E. 177).

2. Where, on receipt of an order for goods, the seller delivered the goods as ordered to a common carrier, for transportation to the purchaser, and where the purchaser, after delivery to and acceptance by him had been completed, delivered the goods back to the carrier with instruction to return them to the seller, and where the seller accepted the returned goods, not in satisfaction of the contract, but in order to save them from loss and to reduce the damages resulting from the purchaser's failure to keep and pay for the goods, in an action for damages by the seller against the purchaser an instruction to the jury to the effect that the measure of damages was "the difference between the contract price on the date of the purchase and the market value upon the date of the delivery back to the consignor" was not erroneous as against the defendant upon the ground that it did not state the measure of damages correctly, in that the correct measure was the difference between the contract price and the market price at the time and place of delivery.

   (*a*) Applying these rulings, the verdict in favor of the plaintiff was authorized, and the court did not err in refusing a new trial.

> DECIDED JULY 13, 1927.

Breach of contract; from city court of Savannah—Judge Rourke. July 9, 1916.

---

Pleading, 31 Cyc. p. 756, n. 79.

Sales, 35 Cyc. p. 583, n. 46; p. 592, n. 53; p. 631, n. 12; p. 650, n. 11.

*George H. Richter,* for plaintiff in error.

*McIntire, Walsh & Bernstein,* contra.

BELL, J.   In 1920, P. R. Morrison, of Savannah, Georgia, gave an order for six cases of shoes to M. Finkovitch Incorporated, of Boston, Massachusetts, to be shipped f. o. b. Boston, and they were shipped accordingly.   In this suit by the seller against the purchaser, for damages alleged to have resulted to the plaintiff from the defendant's failure to keep and pay for the goods, the jury returned a verdict in favor of the plaintiff.   The defendant's motion for a new trial was overruled and he excepted.   The attorney for the defendant (here the plaintiff in error) admits that the jury were authorized to find in the plaintiff's favor on the question of the defendant's breach of the contract, but, relying upon other contentions made in the motion for a new trial, insists that the court erred in charging the jury that the correct measure of damages was "the difference between the contract price on the date of the purchase and the market value upon the day of delivery back to the consignor," and further urges that, because there was no proof of the value of the goods at Savannah, the evidence was not sufficient to authorize the jury to determine upon any amount as the plaintiff's damage.   The only exception to the charge is that it did not state the measure of damages correctly, in that the correct measure was the difference between the contract price and the market price at the time and place of delivery, the defendant's contention being that Savannah was such place of delivery.

The defendant purchaser received the goods from the carrier on May 12 and kept them until May 20.   He then delivered them back to the carrier with instructions to return them to the seller, by whom they were received on June 2.   The seller reshipped them to the purchaser, who returned them a second time to the seller.   The goods then remained in the hands of the carrier for several months, after which the seller accepted and resold them in order to avoid a sale of them by the carrier for freight charges.

The original sale was by sample, but the jury by their verdict have said that the goods were of the kind and quality ordered, and hence that the defendant was not justified in returning them.   Nor is any question raised as to whether the time and opportunity for inspection which the defendant had between May 8 and May 20

were not, as a matter of law, sufficient for that purpose, so that
the delivery should be regarded as having been fully completed
prior to the defendant's return of the goods on May 20; and such
complete delivery will therefore be taken as an undisputed fact in
the record.

. There was evidence of the value of the goods in Boston on June
2, the date they were first received back by the plaintiff at that
place, so that the real and controlling question is raised by the
exception to the charge of the court.

The remedies provided to the seller under section 4131 of the
Civil Code are not exclusive, and the rule which under one elec-
tion allows a recovery of the difference between the contract price
and the market price at the time and place of delivery is founded
upon the just theory that the seller, on the rejection of the goods,
may take them into the open market and obtain the current price
for them. *Groover* v. *Warfield,* 50 *Ga.* 645. It thus seems that
the rule just referred to would be inapplicable where the pur-
chaser, instead of merely refusing to accept the goods, takes them
from the carrier, and, after delivery to and acceptance by him
have been completed, seeks, without right, to relieve himself from
liability by reshipping the goods to the seller, although in the
meantime the market value may have been constantly declining.
In such a case, the purchaser by his conduct makes it impossible
for the seller to dispose of the goods in the open market at the
time for delivery contemplated by the contract, and thus renders
inappropriate the measure of damages which the defendant con-
tends was the proper measure in this case. Where, as here, no
contention being made by the plaintiff in error to the contrary,
the seller is to be taken as having accepted the returned goods
only for the purpose of saving them from loss and thus of reduc-
ing the damage resulting from the purchaser's act in repudiating
the contract, the defendant can not complain if the market price
be reckoned as of the date and place of redelivery to the seller. We
thus conclude that, under the peculiar facts of this case, the excerpt
from the court's charge was not erroneous upon the ground that
it did not correctly state the measure of damages. If this conclu-
sion is sound, it follows that the evidence authorized the verdict,
and that the court did not err in refusing a new trial. In hold-
ing that the charge was not erroneous upon the ground assigned,

we rule nothing, of course, as to whether it might not have been subject to some other exception, and say only that it was not error as *against the defendant*. In the view which we have taken, it is unnecessary to determine whether, if the defendant had merely *rejected* the goods, Savannah and not Boston should have been considered as the place of delivery for the purpose of determining the plaintiff's damage under section 4131 of the code. In this case we have assumed with the plaintiff in error that Savannah was such place of delivery. The present record seems to make a case simply of liability for goods purchased and accepted and then returned, with an obligation on the part of the plaintiff to credit the defendant with the market value of the goods when returned.

The petition may not have been drawn precisely upon the theory upon which we have proceeded in this opinion, but it could have been amended to conform to the evidence appearing in the record, and, the evidence having been admitted without objection, there is no fatal variance between the case as laid and that proved. Hence, we have considered the assignments in view of the case as made by the evidence. See *Rowland Co.* v. *Kell Co.*, 27 *Ga. App.* 107 (107 S. E. 602); *Napier* v. *Strong*, 19 *Ga. App.* 401 (2) (91 S. E. 579).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*